UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

WALTER ALLEN JOHNSON,

    Petitioner,

v.

J. A. BARNHART, WARDEN.,

    Respondent.

Civil Action No. 6:19-129-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Walter Allen Johnson is confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Johnson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the calculation of his sentence. [R. 1]. This matter is before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Johnson recently violated the terms of his supervised release, and the United States District Court for the Eastern District of Tennessee sentenced him to eight months in prison. *See United States v. Walter Johnson*, No. 3:18-cr-005 (E.D. Tenn. 2019). Johnson is currently projected to be released from the custody of the Federal Bureau of Prisons (BOP) on July 8, 2019. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on May 29, 2019).

Johnson has now filed a § 2241 petition. While Johnson's petition is vague, and his brief arguments are difficult to follow, he suggests that he is not receiving the good time credits to which he is entitled in light of the First Step Act of 2018. That legislation was enacted on December 21, 2018, and it amended 18 U.S.C. § 3624(b)(1) to change the manner in which credits are calculated

by increasing the maximum allowable good conduct time from 47 to 54 days per year. Johnson suggests that since he is serving an eight-month prison sentence, which is two-thirds of one year, he is immediately entitled to two-thirds of 54 days of good conduct time, for a total of 36 days of good time credit. Thus, Johnson asks the Court "to order the BOP to recalculate [his] good time credit on a pro rated basis beginning on the date sentence was imposed nunc pro tunc to date of my arrest for a total of 36 days [good time credit]." [R. 1 at 8].

The Court will deny Johnson's petition for three reasons. First, Johnson indicates that he has not taken steps to formally exhaust his administrative remedies within the BOP. [R. 1 at 6-7]. Johnson suggests that administrative exhaustion is not applicable to him, and he explains that he did not exhaust the available administrative remedy process because "time limitations are severely restricted given out date and recalculation of out date based on good conduct time." [*Id.* at 7]. The United States Court of Appeals for the Sixth Circuit, however, has repeatedly made it clear that a prisoner must fully exhaust his remedies within the BOP before he may seek habeas relief under § 2241. *See, e.g., Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). This exhaustion requirement ensures that the agency has an opportunity to review and revise its actions before litigation is commenced. This preserves judicial resources as well as administrative autonomy and also ensures that a court reviewing the agency's final action does so based upon a developed and complete evidentiary record. *See Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). Ultimately, Johnson must provide prison officials notice of the issue so that they have the opportunity to resolve the matter and potentially avoid litigation.

Second, even if Johnson had exhausted his administrative remedies, the Court would deny the relief sought. To be sure, Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010). However, this provision has not yet taken effect. Section 102(b)(2) of the Act provides that the amendments made in subsection 102(b) take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a). And Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019.

Although Johnson may be frustrated with this process, this Court applies the law as it is written. As another federal court recently put it, "Congress chose to delay the implementation of the First Step Act's amendments until the Attorney General could complete the risk and needs assessment. The Court has no power to rewrite or disregard the statute in order to accommodate Petitioner's situation." *Shah v. Hartman*, No. 1:18-cv-7990 at Record No. 12 at 4 (N.D. Ill. Jan. 3, 2019).

Third, even if Johnson had exhausted his administrative remedies and his claim was otherwise ripe, it appears to fail on the merits as well. After all, 18 U.S.C. § 3624(b)(1) indicates that a prisoner may receive good time credit if he "is serving a term of imprisonment of more than 1 year," and, here, the trial court only sentenced Johnson to eight months in prison. Thus, Johnson's petition is simply unavailing.

For the reasons outlined above, Johnson has failed to establish a right to habeas relief. Accordingly, it is hereby **ORDERED** as follows:

1. Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. All pending motions are **DENIED** as moot.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated May 30, 2019.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY